UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

AJA DE LOS SANTOS, individually,

       Plaintiff,

v.

NCO FINANCIAL SYSTEMS, INC., a foreign       **JURY DEMAND**
corporation,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1.    Plaintiff AJA DE LOS SANTOS alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA") against Defendant NCO FINANCIAL SYSTEMS, INC..  Plaintiff alleges that Defendant NCO FINANCIAL SYSTEMS, INC. incessantly and unlawfully called Plaintiff's cellular telephone using an automatic telephone dialing system (i.e. "auto-dialer") and a pre-recorded or artificial voice.

### JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 as this is a civil action arising under the laws of the United States.

3.    This Court has personal jurisdiction over the Defendant because the telephone calls forming the basis of this action were placed by the Defendant into this District, and because Defendant conducts business in this District by regularly placing telephone calls, sending mail, and transacting with alleged debtors in this District.

4.    Venue in this District is proper because the Plaintiff resides here and received telephone calls from Defendant within this District.

## PARTIES

5.      Plaintiff AJA DE LOS SANTOS is a natural person and a citizen of the State of Florida, residing in Palm Beach County, Florida.  Said Plaintiff had dominion over the cellular telephones that Defendant was calling.

6.      Defendant NCO FINANCIAL SYSTEMS, INC. ("NCO Financial") is a Pennsylvania corporation and a debt collector that uses, among other things, an automated telephone dialing system to engage in the collection of alleged debts.

7.      NCO Financial operates from offices located at 507 Prudential Road, Horsham, PA 19044, and is a citizen of the State of Pennsylvania.

## FACTUAL ALLEGATIONS

8.      Some time prior to the institution of this action, the Plaintiff began receiving telephone calls from Defendant NCO Financial.

9.      Upon answering any of these calls, the Plaintiff was met by a pre-recorded, artificially voiced message asking the Plaintiff to "press one if this is Nicolas Suprent."

10.      Plaintiff is not Nicolas Suprent, and does not know anybody by that name.

11.      NCO Financial's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system. See In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 2008, 23 F.C.C.R. 559, 565-66 (2008); In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14091-92 (2003).

12.     In sum, NCO Financial made telephone calls to Plaintiff's cellular telephone, each of which was made using an automatic telephone dialing system or an artificial or pre-recorded voice.

13.     Defendant made the aforementioned telephone calls knowing that they were using an automatic telephone dialing system or an artificial or prerecorded voice to call a cellular telephone, and further knew that such calls were in violation of the TCPA, and consequently, these violations were willful and knowing.

### COUNT I
### VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT

14.     Plaintiff incorporates paragraphs 1 through 13 herein.

15.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

WHEREFORE, Plaintiff AJA DE LOS SANTOS, requests that the Court enter judgment in favor of Plaintiff and against Defendant NCO FINANCIAL SYSTEMS, INC. for:

    a.      $500 dollars in statutory damages for each violation of the TCPA over the last four years;

    b.      $1,500 dollars in statutory damages for each knowing or willful violation of the TCPA over the last four years;

    c.      a permanent injunction prohibiting Defendant from placing non-emergency calls to Plaintiff's cellular telephone using either an automatic telephone dialing system or an artificial or prerecorded voice;

    e.      litigation expenses and costs of the instant suit; and

f.      such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 26th day of June, 2013.

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
1001 N. Federal Hwy., Ste 106
Hallandale Beach, Florida 33009
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

By: /s/ Bret L. Lusskin, Esq.
Bret L. Lusskin, Esq.
Florida Bar No. 28069

4